UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOSE ALEJANDRO ZAPATA VELASQUEZ,

Petitioner,

v.

KRISTI NOEM, Secretary of the Department of Homeland Security; et al.,

Respondents.

Case No.:  26-cv-746-BJC-MMP

**ORDER SETTING BRIEFING SCHEDULE ON THE WRIT AND PROHIBITING TRANSFER OF PETITIONER**

**[ECF No. 1]**

On February 6, 2026, Jose Alejandro Zapata ("Petitioner") filed a petition for a writ of habeas corpus, ECF No. 1, along with a motion for a temporary restraining order. ECF No. 2. Petitioner is a native and citizen of Mexico. ECF No. 1 at 2. In November 2023, Petitioner entered the United States seeking asylum. *Id.* He was detained overnight and subsequently released pursuant to humanitarian parole. *Id.* After his release, Petitioner applied for and received a Social Security number and employment authorization. *Id.* He thereafter obtained employment with an appliance delivery company. *Id.*

On November 26, 2025, Petitioner was making a delivery at Camp Pendleton. *Id.* Upon arrival, he was asked to exit the delivery truck. *Id.* at 3. Shortly thereafter, agents from the Department of Homeland Security arrived and placed him under arrest. *Id.* While Petitioner was being held in a detention cell, an Immigration and Customs Enforcement

1

("ICE") agent informed him that he was being detained because he lacked lawful status in the United States. *Id.* ICE provided no further explanation for Petitioner's re-detention and did not afford him an interview or any opportunity to contest the basis for his detention. *Id.* Petitioner has remained in detention since his arrest on November 26, 2025. *Id.*

The Court finds a limited stay is necessary to preserve the *status quo* to allow the Court to hold the hearing and provide a reasoned decision on the pending motion. *See E-C-R- v. Noem*, No. 3:25-CV-1230-SI, 2025 WL 2300543, at *1 (D. Or. July 16, 2025) (finding an order under the All Writs Act, 28 U.S.C. § 1651, necessary to prevent the arrest, detention or deportation of the plaintiff while the parties litigate the merits of the plaintiff's motion for injunctive relief); *A.M. v. Larose et al*, No. 3:25-CV-1412, ECF No. 2 (S.D. Cal. June 4, 2025) (enjoining the defendants, under the All Writs Act, from removing the plaintiffs from the Southern District of California to preserve the court's jurisdiction). Based on the foregoing, **IT IS HEREBY ORDERED:**

1.  Respondents shall file a response to the writ of habeas corpus and motion for a temporary restraining order no later than close of business on **February 17, 2026**.

2.  Petitioner may file a reply no later than close of business on **February 24, 2026**.

3.  Respondents, their agents, employees, successors, attorneys, and all persons acting in active concert or participation with them are hereby **ENJOINED** from removing Petitioner from the United States or this District pending further order of the Court, to maintain the *status quo* to allow the Court to hold a hearing and provide a reasoned decision to the request at hand.

**IT IS SO ORDERED**.
Dated: February 9, 2026

Honorable Benjamin J. Cheeks
United States District Judge

2

26-cv-746-BJC-MMP